IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| v. | : | CASE NO.: 1:24-CR-27 (LAG) |
| | : | |
| FUDENCIO RUIZ TUM, | : | |
| | : | |
| Defendant. | : | |
| | : | |

## **ORDER**

Before the Court is Defendant Fundencio Ruiz Tum's third Unopposed Motion to Continue Trial (Motion to Continue) (Doc. 36; *see* Docs. 23, 31). In the Motion, Defendant moves to continue the above-captioned case to a later date. (*Id.* at 1).

On July 9, 2024, Defendant was charged with one count of attempted coercion and enticement of a minor in violation of 18 U.S.C. § 2422(b). (Doc. 1). Defendant was arrested on November 8, 2024, and made his initial appearance on November 12, 2024, where he pled not guilty. (Docs. 8, 9; *see* Docket). Defendant was released on a secured bond. (Docs. 11, 12).  After the Court granted a continuance in the matter, it was set for trial on April 21, 2025, and the pretrial conference was set for March 27, 2025. (Docs. 32, 33). Defendant filed the Motion to Continue on March 18, 2025. (Doc. 36). Therein, Defendant represents that his counsel "only fairly recently received the discovery in this case" and that a continuance is necessary to give counsel "more time to review the discovery, to consider any appropriate pretrial motions and to prepare a proper defense for trial."[1] (*Id.* ¶¶ 5–6). Furthermore, Defense Counsel represents that he has "conferred with counsel for the

---

[1] Defense counsel represents that in the second Motion to Continue, he "wrote that he had not received the discovery in the case" and that "at the time, counsel had been working outside of the Blakely office for a few days[.]" (Doc. 36 at 2 n.2; *see also* Doc. 31 ¶¶ 5–6). When "counsel[] return[ed] to the Blakely office he realized that he had, in fact, received the discovery from the Defendant's prior counsel." (Doc. 36 at 2 n.2). The Court granted the Second Motion to Continue "[b]efore he was able to notify the Court of that fact[.]" (*Id.*; *see* Doc. 32).

Government, Ms. Veronica Hansis, Esq., and the Government does not oppose" the Motion to Continue. (*Id.* ¶ 8).

Upon due consideration, the Court finds "that the ends of justice served by the granting of [a] continuance outweigh the best interests of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). Specifically, the Court finds that denying Defendant's Motion to Continue would deny his counsel the reasonable time necessary for effective preparation. *Id.* § 3161(h)(7)(B)(iv). Accordingly, Defendant's Motion to Continue (Doc. 36) is **GRANTED**. The pretrial conference, pretrial conference deadlines, and jury trial in this matter are **CONTINUED** to dates to be determined. The delay occasioned by this continuance shall be deemed **EXCLUDABLE** under the Speedy Trial Act, 18 U.S.C. § 3161(h)(7)(A).

**SO ORDERED**, this 19th day of March, 2025.

/s/ Leslie A. Gardner
**LESLIE A. GARDNER, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**